IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CR 112-242 |
| JOSEPH SAMUEL WILLIAMSON, | * | |
| Defendant. | * | |

## O R D E R

Before the Court is Defendant's "Motion to Compel." (Doc. 316). Defendant asserts that he qualifies for a reduction in his sentence under Federal Rule of Criminal Procedure 35 but the Government has refused to file a Rule 35 motion because of "vindictiveness." (Id. at 4.) Defendant claims that the Government's refusal violates the Constitution because it "is not rationally related to any legitimate government purpose." (Id. at 5.) The Government contends it has no obligation to file a Rule 35 motion and that its decision not to file a motion was permissible.

### I. BACKGROUND

Prior to Defendant's indictment for conspiracy to possess with intent to distribute methamphetamine, Defendant assisted the Government in an attempt to gain leniency. Because of Defendant's cooperation, the Government filed, and the Court

accepted, a 5K1.1 motion to reduce his sentence. At sentencing, the Court departed from the guideline recommendation of 168-210 months imprisonment, and sentenced Defendant to 115 months imprisonment. The Court subsequently further reduced Defendant's sentence to 92 months sua sponte.

Shortly after Defendant began his federal incarceration, Defendant assisted the Georgia state government when he testified at a murder trial in Jefferson County, Georgia. Although the jury ultimately acquitted the accused, Defendant's lawyers requested that federal prosecutors seek a further reduction in Defendant's sentence by filing a Rule 35 motion. But according to the Government, "[t]here was never any agreement with [Defendant], the state prosecutor or agents, or [Defendant's] lawyer that the federal government would file a motion for further reduction of [Defendant's] sentence based on cooperation with the state of Georgia." (Id. at 5.) The Government claims that it "declined to [file a Rule 35 motion] due to its basic lack of trust of Williamson." (Id. at 4.)

The Government's "lack of trust" stemmed from Defendant's use of recorded conversations between himself and FBI Agent Tony DePrizio. At some point in Defendant's cooperation with the Government, Defendant recorded conversations between himself and Agent DePrizio. The Government alleges that Defendant was recording these conversations "clandestinely." (Doc. 317, at 3.) Defendant claims that government agents told him to install

2

an application on his smartphone for purposes of recording conversations and that "the agents were aware that every phone call made to or from [his] phone was being recorded." (Doc. 318, at 2.) Regardless, Defendant reported the recordings to Congressman Paul Broun in a letter alleging Agent DePrizio engaged in improper conduct. Congressman Broun subsequently forwarded the letter to the Office of Inspector General. According to the Government, "no adverse action was taken against any agent or agency" as a result of Defendant's allegations. (Doc. 317, at 4.) The Government asserts that "[Defendant's] false claim of misconduct by agents and his attempt to manipulate agents throughout his cooperation created a lack of trust in [Defendant] and in his credibility." (Id. at 6.)

## II. DISCUSSION

Federal Rule of Criminal Procedure 35(b)(1) provides that: "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." "The Supreme Court has held that this statute gives the government 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008) (quoting Wade v. United States, 504 U.S. 181, 185-86

3

(1992)). "[T]he government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a 'substantial threshold showing' that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion." Id. (quoting Wade, 504 U.S. at 185-86). "[A]rguments that the government had motivations beyond the defendant's provision of substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard for review." Id.

Petitioner alleges that the Government refuses to file a Rule 35 motion because of "vindictiveness," but he offers no substantial evidence of this fact. Additionally, the Government has provided ample evidence that Defendant engaged in actions which diminished his trustworthiness and caused them to believe that his actions did not warrant a Rule 35 motion. Thus, Defendant has made no "substantial threshold showing that the refusal was based on an unconstitutional motive," and therefore the Court is without liberty to review the Government's refusal. Id.

### III. CONCLUSION

Because Defendant has merely made an argument "that the government had motivations beyond the defendant's provision of substantial assistance," McNeese, 547 F.3d at 1308, and not that

it had unconstitutional motives, the Court **DENIES** Defendant's motion to compel. (Doc. 316.) The Court also **DENIES AS MOOT** Defendant's motion for expedited judgment (doc. 325) and motion for a hearing (doc. 327.)

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of March, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA